J-A11013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIGUEL ANGEL RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 2001 EDA 2021 |

Appeal from the PCRA Order Entered September 10, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003835-2014

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 4, 2022**

Miguel Angel Rodriguez appeals from the September 10, 2021 order dismissing his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").  We affirm.

This Court previously set forth a comprehensive review of the underlying events in this case in a memorandum affirming Appellant's judgment of sentence.  *See Commonwealth v. Rodriguez*, 174 A.3d 1130, 1133-36 (Pa.Super. 2017) ("*Rodriguez I*").  Due to the nature of the issues in this appeal, we need only set forth the following, truncated summary of the facts:

> [A]fter a heated argument between several participants, shots were fired at a bar in Easton, Pennsylvania.  The gunfire struck [Damien Robinson ("the victim"),] who died from his wounds, despite receiving aid from a least one police officer and the victim's subsequent transport to a local hospital.  Upon arriving at the scene, police found, among other items, a broken cell phone, a bag of marijuana, bullets, bullet fragments, and shell casings

near the victim. The cell phone and marijuana bag featured Appellant's DNA.

The Commonwealth empaneled a grand jury. Appellant testified at the grandy jury and stated: (1) he was at the bar, unarmed, on the night of the homicide with two friends; (2) he utilized two cell phones at the time, but gave one on that night to another person to use for drug transactions; (3) he never approached the location inside of the bar where the shooting actually occurred; and (4) he left the bar prior to hearing any gunshots and traveled to his girlfriend's house nearby. [Following the grand jury investigation, Appellant was arrested and charged with criminal homicide.]

At trial, one witness, a bouncer at the bar, testified that he saw Appellant brandish a gun. The bouncer stated that he heard three gunshots as he fled from the fracas. Additionally, a bartender who was working at the bar on the date of the shooting and who was also at one point a paramour of Appellant's friend provided her recollection of events. . . .

Ultimately, a jury found Appellant guilty of first-degree murder, and the trial court sentenced him to a term of life imprisonment without the possibility of parole [on February 12, 2016]. After the trial court denied his post-sentence motions, Appellant appealed to our Court. We affirmed the trial court's judgment of sentence. *See Rodriguez I*, *supra* at 1147. Appellant petitioned our Supreme Court for allowance of appeal, but his petition was denied on May 30, 2018. *See Commonwealth v. Rodriguez*, 186 A.3d 941, 942 (Pa. 2018) (*per curiam* order denying petition for allowance of appeal). Appellant did not seek further review with the United States Supreme Court.

*Commonwealth v. Rodriguez*, 242 A.3d 413 (Pa.Super. 2020) ("*Rodriguez II*") (unpublished memorandum at 1).

On June 24, 2019, Appellant filed a timely, *pro se* PCRA petition. Tyree A. Blair, Esquire, was appointed to represent Appellant and an amended PCRA petition was filed alleging various grounds for relief. Following a hearing, the court denied Appellant's first PCRA petition. Appellant filed an appeal to this

Court. After briefs had been filed but while the matter was still pending on appeal, a second attorney, Robert Patterson, Esquire, filed an entry of appearance on Appellant's behalf in the PCRA court. *See* Entry of Appearance, 11/4/20, at 1. The same day, the PCRA court filed an order purporting to replace Attorney Tyree with Attorney Patterson. *See* Order, 11/4/20, at 1. No concomitant withdrawal or entry of appearance was filed in this Court. On November 13, 2020, this Court affirmed the dismissal of Appellant's PCRA petition. *See Rodriguez II*, *supra* at 4. As this Court was not informed of any change in representation, the decision was transmitted to Attorney Tyree. No petition for allowance appeal to the Pennsylvania Supreme Court was filed.

On June 28, 2021, Appellant filed a second, counseled PCRA petition under the representation of a third attorney, Lonny Fish, Esquire.[1] Therein, Appellant argued, *inter alia*, that he had received ineffective assistance of counsel which resulted in the denial of his right to seek allowance of appeal in

---

[1] Although this filing was styled as an "amended" PCRA petition, no leave to amend was ever sought by the PCRA court. As a general matter, the Pennsylvania Rules of Criminal Procedure reflect that the PCRA court "'may grant leave to amend . . . a petition for post-conviction collateral relief at any time,' and that amendment 'shall be freely allowed to achieve substantial justice.'" *Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014) (quoting Pa.R.Crim.P. 905(A)). Thus, "it is clear from the rule's text that leave to amend must be sought and obtained, and hence, amendments are not self-authorizing." *Id*. (cleaned up). Accordingly, "a petitioner may not simply amend a pending petition with a supplemental pleading." *Id*. (cleaned up). We note that Appellant's first PCRA petition was **not** pending at the time that this amended filing was submitted. Regardless, to the extent that Appellant intended to amend his first PCRA petition, that attempt was unsuccessful in light of his failure to seek leave from the PCRA court pursuant to Rule 905.

our Supreme Court. *See* PCRA Petition, 6/28/21, at ¶¶ 14-19. Specifically, Appellant alleged Attorney Patterson did not enter his appearance in this Court after assuming responsibility for Appellant's case and, therefore, was not notified of this Court's holding in ***Rodriguez II***. Additionally, Appellant asserted that Attorney Tyree did not alert either Attorney Patterson or Appellant of the filing of our decision. As a result, Appellant claims he did not learn of the decision with respect to his first PCRA petition until after his time to file a petition for allowance of appeal in the Pennsylvania Supreme Court had passed. Thus, Appellant argued he was entitled to the restoration of his right to seek discretionary review with our Supreme Court as to his first PCRA petition. With respect to timeliness under the PCRA, Appellant asserted only that his second PCRA petition was timely filed. *Id*. at ¶¶ 9-11.

The PCRA court filed notice of its intent to dismiss Appellant's second PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. It asserted that Appellant's claims were time-barred and noted that Appellant had failed to raise any of the timeliness exceptions to the PCRA pursuant to 42 Pa.C.S. § 9545(b)(1)(i)-(iii). *See* Order, 7/15/21, at 1-8. Appellant filed a response to this notice that largely repeated the allegations in his second PCRA petition. In pertinent part, Appellant did not raise or discuss any of the timeliness exceptions to the PCRA in this filing. *See* Response to Rule 907 Notice, 8/5/21, at ¶¶ 1-13. Thereafter, the PCRA court dismissed the petition. ***See***

Order and Opinion, 9/10/21, at 17 ("[W]e have no jurisdiction to entertain this late [p]etition or to grant *nunc pro tunc* relief.").

Appellant filed a timely notice of appeal to this Court. On September 24, 2021, the PCRA court directed Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b) within twenty-one days. On October 18, 2021, Appellant filed an untimely concise statement repeating his allegation of ineffectiveness without mentioning timeliness.[2] Thereafter, the PCRA court filed a responsive Rule 1925(a) opinion concluding that it did not err in dismissing the petition as untimely and referencing the reasoning set forth in its Rule 907 notice of intent to dismiss without a hearing.

Appellant has raised a single issue for our consideration: "Did the court err and abuse its discretion in failing to restore [Appellant's] appellate rights?" Appellant's brief at 6. In reviewing a denial of PCRA relief on appeal, "we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Kennedy*, 266 A.3d 1128, 1132 (Pa.Super. 2021). Before addressing the merits of Appellant's claim for relief, we must assess the timeliness of his PCRA petition.

It is a well-established matter of statute that all PCRA petitions, including a second or subsequent one, must be filed within one year of the

---

[2] Since we ultimately conclude that we lack jurisdiction to entertain the merits of Appellant's instant PCRA petition, we decline to address the issue of waiver under Pa.R.A.P. 1925(b).

date that a defendant's judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Burton*, 158 A.3d 618, 623 n.7 (Pa. 2017). This timeliness requirement is "jurisdictional in nature, and where a PCRA petition is filed untimely, courts lack jurisdiction to address the substantive claims raised therein." *Commonwealth v. Cobbs*, 256 A.3d 1192, 1207 (Pa. 2021). The PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or at the expiration of the time period for seeking such review. *See* 42 Pa.C.S. § 9545(b)(3).

Instantly, Appellant's judgment of sentence became final on August 28, 2018, or ninety days after his petition for allowance of appeal in the Pennsylvania Supreme Court was denied and his time to seek a writ of *certiorari* in the United States Supreme Court expired. *See* U.S. Sup. Ct. Rule 13(1). Under the explicit terms of the PCRA, Appellant had until August 28, 2019, to file a timely PCRA petition. Therefore, the instant PCRA petition is facially untimely by almost two years.

In order to overcome this facial untimeliness, Appellant was required to allege and prove that one of the three exceptions applies to his PCRA claims:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). We also note that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003).

Appellant's only discussion of timeliness with respect to his second PCRA petition is a bald and incorrect assertion that his petition is timely, which provides in its entirety as follows:

> 9. [Appellant] submits that the within action for [PCRA relief] is being timely filed as it is being filed within one (1) year from the date of the sentencing and the passage of thirty (30) days following the potential review by the Superior Court of same.
>
> 10. Under the amended PCRA, all petitions, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1).
>
> 11. The PCRA's time restrictions are jurisdictional in nature.

PCRA Petition, 6/28/21, at ¶¶ 9-11. As a threshold matter, these averments grossly misstate how finality of judgments of sentence are determined under the PCRA. *Cf*. 42 Pa.C.S. § 9545(b)(3). Moreover, these statements misrepresent the case chronology. Specifically, this PCRA petition was filed on June 28, 2021, *i.e.*, **five** years after Appellant's sentencing took place.

Furthermore, there is no discussion of timeliness in Appellant's response to the PCRA court's Rule 907 notice aside from the following sparse sentence:

"[Appellant's] actions were not overly tardy, given the pandemic and lack of notice." Response to Rule 907 Notice, 8/5/21, at ¶ 13. In his brief to this Court, Appellant has not even acknowledged the PCRA court's holding respecting timeliness. Accordingly, we are constrained to conclude that he has not asserted, much less proved, that any of the relevant exceptions at § 9545(b)(1)(i)-(iii) apply to his petition pursuant to the PCRA.

We emphasize that this Court "will not become the counsel for an appellant, and will not, therefore, consider issues . . . which are not fully developed in his brief." *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa.Super. 2006). Furthermore, "a claim of ineffective assistance of counsel does not provide an exception to the PCRA time bar." *Commonwealth v. Sims*, 251 A.3d 445, 448 (Pa.Super. 2021) (citing *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005)). Thus, we are constrained to conclude that Appellant's PCRA petition is untimely. *See Sims*, *supra* at 448 (finding serial PCRA petition untimely due to defendant's failure to plead the applicability of any timeliness exceptions); *Commonwealth v. Valentine*, 928 A.2d 346, 349 (Pa.Super. 2007) (same).

Although Appellant has not raised its applicability, we will also consider the import of our Supreme Court's holding in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), wherein it was announced that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness **at the first**

**opportunity to do so**, even if on appeal." *Id*. at 401 (emphasis added).  In

*Bradley*, the Supreme Court also rejected "the notion that considering

ineffectiveness claims on collateral appeal constitutes a prohibited serial

petition, violating the PCRA's one-year time bar." *Id*. at 404.

　　However, *Bradley* provides no safe harbor under the circumstances

herein.  That case dealt with claims of PCRA counsel ineffectiveness that were

raised while the underlying, timely PCRA petition was on appeal.  Instantly,

Appellant did not raise the instant claims of ineffectiveness while on appeal in

this Court during *Rodriguez II*.  Moreover, he did not file his second PCRA

petition until more than seven months after the alleged ineffectiveness had

taken place.  Although Appellant claims he was unaware of this Court's holding

in *Rodriguez II*, he has not provided any specific averments or pleadings

regarding **when** he first learned of the decision and, thereby, counsel's alleged

ineffectiveness.  Accordingly, we cannot conclude that Appellant's filing with

respect to PCRA counsel's effectiveness was done at the "first opportunity,"

as stated in *Bradley*.  *See Bradley*, *supra* at 403 (discussing "the

requirement that claims of ineffective assistance must be raised at the first

available opportunity"); *see also Commonwealth v. Coto*, 2022 WL 57488,

at *7 (Pa.Super. 2022) (denying defendant's attempt to raise PCRA counsel

ineffectiveness under *Bradley* where the claim was not raised "at the first

opportunity to do so").[3]   Instantly, Appellant pursued these claims of ineffectiveness in a second, subsequent PCRA petition.   Accordingly, he is bound by the attendant timeliness requirements mandated by statute.   **See** 42 Pa.C.S. § 9545(b)(1).   Overall, Appellant's filings are bereft of any discussion or pleading that would permit us to grant him relief with respect to the timeliness of this PCRA petition.[4]

Based on the foregoing, we discern no error of law in the PCRA court's conclusion that Appellant's PCRA petition was untimely.   Like the court below, we are without jurisdiction to entertain the merits of this matter.   **See** **Commonwealth v. Harris**, 114 A.3d 1, 6 (Pa.Super. 2015) ("When a PCRA

---

[3]  Although not binding precedent, we may cite this holding for its persuasive value since it was filed after May 1, 2019.  **See** Pa.R.A.P. 126(b).

[4]  These circumstances are also reminiscent of the Supreme Court's holding in **Commonwealth v. Peterson**, 192 A.3d 1123 (Pa. 2018), wherein a PCRA petitioner established that his counsel's failure to file a timely PCRA petition constituted "ineffectiveness *per se*," such that he was entitled to "invoke the subsection 9545(b)(1)(ii) exception to permit the filing of his second PCRA petition beyond the one-year time bar." **Id**. at 1132.  Instantly, Appellant's claim that counsel for his first PCRA petition failed to file a petition for allowance of appeal in the Pennsylvania Supreme Court would also qualify as ineffectiveness *per se*.  **See Commonwealth v. Williamson**, 21 A.3d 236, 242 (Pa.Super. 2011).  Critically, however, Appellant has neglected to make any attempt to plead or prove the applicability of any of the timeliness exceptions to the PCRA in these circumstances.  **Cf. Peterson**, **supra** at 1132 (indicating that the defendant had pled and proved the applicability of the timeliness exception at § 9545(b)(1)(ii)).  Here, Appellant's petition does not allege and he has not proved the applicability of any such exception. Accordingly, Appellant's second PCRA petition is untimely under **Peterson**.

court lacks jurisdiction to consider the merits of a petition, we likewise lack jurisdiction to consider an appeal from disposition of the petition.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/04/2022