J-A07024-21

2021 PA Super 79

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| RODERICK SIMS | : | |
| Appellant | : | No. 1065 MDA 2020 |

Appeal from the Order Entered August 4, 2020
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000385-2008

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

OPINION BY DUBOW, J.:                                    **FILED APRIL 23, 2021**

Appellant Roderick Sims appeals *pro se* from the August 4, 2020 Order

denying his "Motion for DNA Testing."[1]   After review, we affirm.[2]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's Notice of Appeal references two separate Orders, each entered August 4, 2020, one of which denied his "Motion for DNA Testing" and the other denied his "Amendment for Motion for DNA Testing."

[2] Since filing his appellate Brief and three amendments, Appellant has filed six additional "Motions to Amend." The proposed amendments are duplicative of each other and of the arguments raised in his Brief and its permitted amendments. **See** Motion to Amend (AA), filed 3/10/21; Motion to Amend (AA-2), filed 3/24/21; Motion to Amend (AA-3), filed 3/24/21, Motion to Amend (AA-4), filed 3/24/21; Motion to Amend (AA2-1), filed 3/30/21; and Motion to Amend (B), filed 4/21/21. These duplicative Motions are, thus, frivolous and we, therefore, deny the Motions to Amend.

On September 27, 2008, Appellant shot and killed Charity Sprickler and threatened two other individuals who were in the residence with Ms. Sprickler. A jury convicted him of Burglary, Second-Degree Murder, and Terroristic Threats. The Court sentenced him to life imprisonment on November 2, 2012. This Court affirmed the Judgment of Sentence, and the Pennsylvania Supreme Court denied allowance of appeal on September 22, 2014. **Commonwealth v. Sims**, No. 15 MDA 2013 (Pa. Super. Sept. 11, 2013), *appeal denied*, 105 A.3d 736 (Pa. 2014). Appellant's Judgment of Sentence, thus, became final on December 21, 2014.

Appellant subsequently filed three PCRA Petitions, two of which he voluntarily withdrew. In his third PCRA Petition, Appellant raised a claim that the Commonwealth committed a **Brady**[3] violation by destroying his blood samples that would have exonerated him by proving he was so intoxicated at the time of the burglary and fatal shooting that he lacked the ability to form criminal intent. This Court affirmed the PCRA court's denial of Appellant's third Petition as untimely, observing that Appellant failed to act with diligence in raising a claim that he was aware of three years before his trial.

_____

Additionally, Appellant filed an Application for Relief, which raises issues already set forth in his Brief and requests that we "vacate the Commonwealth's case." **See** Application for Relief, filed 2/26/21 (docketed 3/2/21). We likewise deny this Application for Relief as duplicative and frivolous.

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

*Commonwealth v. Sims*, No. 371 MDA 2017, at 10-11 (Pa. Super. Dec. 21, 2017).

On July 30, 2020, Appellant filed a "Motion for DNA Testing," seeking "DNA testing of blood samples from the defendant as all prior appointed counsel were ineffective on issues related to DNA evidence as the Petitioner stated to Counsel the blood samples tested [by Lab Corp. of America before trial] were not his own[.]" On August 3, 2020, Appellant filed an "Amendment for Motion for DNA Testing," contradicting his July 30th Motion for DNA Testing by asserting that he "did not receive a fair trial due to the suppression of his blood samples this [sic] exculpatory evidence destroyed by the Commonwealth was done in bad-faith." Appellant did not request a hearing. The trial court summarily denied both "Motions" on August 4, 2020.

Appellant timely appealed.[4] In his Brief and its Amendments, Appellant sets forth nine issues. Appellant's Br. at 4; Amendments 1 and 2. For the reasons below, we are unable to address his issues.

Preliminarily, we note that Appellant attempts to assert that his "Motion for DNA Testing" was filed pursuant to Section 9543.1 of the PCRA, pertaining to Post-Conviction DNA testing, and avers that it is "wholly separate from litigation of a PCRA petition." *See* Original Brief at 7 (unpaginated). Although titled as a "Motion for DNA Testing," Appellant's Motion and its Amendment accepted by the trial court is comprised of an allegation of ineffective

---

[4] The court did not order a Pa.R.A.P. 1925(b) Statement and did not file a Rule 1925(a) Opinion.

assistance of counsel and an allegation that the Commonwealth improperly destroyed his blood samples before trial which resulted in an unfair trial. Neither of these allegations support a request for DNA Testing as contemplated by Section 9543.1. **See**, *e.g.*, 42 Pa.C.S. § 9543.1(a)(1) (requiring a request for forensic testing); (a)(2) (requiring that the evidence for testing is available); and (a)(4) (permitting request for DNA testing to prove actual innocence). Accordingly, we deem Appellant's "Motion" and its "Amendment" to be his fourth PCRA Petition and refer to it as such throughout this Opinion.

Before this Court may address the merits of the issues raised in this appeal, we must determine whether Appellant timely filed this fourth PCRA Petition because the PCRA's time limitations implicate our Court's jurisdiction. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless a petitioner alleges and proves a statutory timeliness exception. 42 Pa.C.S. § 9545(a), (b)(1).[5]

_____

[5] The PCRA provides the following exceptions to its one-year time bar:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

Here, Appellant's fourth Petition, filed over five years after his Judgment of Sentence became final, is untimely. After a thorough review of Appellant's prolix filings, even a generous reading fails to reveal any attempt by Appellant to plead and prove the applicability of one of the timeliness exceptions to the PCRA's one-year time bar. Accordingly, this Court is without jurisdiction to review the merits of the issues raised.

Moreover, Appellant's claims are duplicative of those raised and addressed in the appeal of his third PCRA Petition, which this Court also dismissed as untimely. First, we noted that a claim of ineffective assistance of counsel does not provide an exception to the PCRA time bar. **See Sims**, 371 MDA 2017 at 9 (citing **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005)). Next, we concluded that Appellant could not establish that the facts upon which his **Brady** claim was predicated were not previously known to him or that the facts could not have been ascertained through due diligence. **Sims**, 371 MDA 2017 at 10 (citing **Commonwealth v. Abu-Jamal**,

---

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. §9545(b)(1)(i)-(iii).

941 A.2d 1263, 1268 (Pa. 2008)). We note further that Appellant has not alleged or proven here that the failure to raise his claim in a timely manner was due to governmental interference.

Because this fourth PCRA Petition, titled "Motion for DNA Testing," is untimely, and Appellant has not pleaded the applicability of any timeliness exception, this Court is without jurisdiction to provide further review.

Order affirmed. Six Motions to Amend, filed on 3/10/21, 3/24/21, and 3/30/21, and 4/21/21, denied. Application for Relief, filed 2/26/21, denied.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>04/23/2021</u>