J-S25045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| JASON TROY BINGAMAN | : | |
| Appellant | : | No. 123 WDA 2022 |

Appeal from the PCRA Order Entered January 10, 2022
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000236-2016

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: OCTOBER 21, 2022**

Appellant, Jason Troy Bingaman, appeals *pro se* from the order entered in the Jefferson County Court of Common Pleas, which dismissed his second petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On June 8, 2016, the Commonwealth filed a criminal information charging Appellant with multiple offenses stemming from his operation of a methamphetamine lab.  Appellant proceeded to trial, and a jury convicted him of possession of a controlled substance with intent to deliver, illegal dumping of methamphetamine waste, and related offenses.  On October 19, 2016, the

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

court sentenced Appellant to an aggregate term of twenty-four (24) to eighty-seven (87) years' imprisonment. This Court affirmed the judgment of sentence on August 14, 2018, and our Supreme Court denied Appellant's petition for allowance of appeal on December 26, 2018. *See Commonwealth v. Bingaman*, 195 A.3d 996 (Pa.Super. 2018), *appeal denied*, 650 Pa. 254, 199 A.3d 862 (2018).

Appellant timely filed a *pro se* PCRA petition on September 6, 2019. The court appointed counsel, who filed a motion requesting an evidentiary hearing on December 18, 2019. The court conducted a PCRA hearing on March 17, 2020. On March 30, 2020, the court denied PCRA relief. This Court affirmed the order on December 11, 2020, and our Supreme Court denied Appellant's petition for allowance of appeal on August 27, 2021. *See Commonwealth v. Bingaman*, 245 A.3d 1059 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 262 A.3d 453 (2021). PCRA counsel subsequently filed a motion to withdraw his appearance, which the court granted on September 3, 2021.

On November 29, 2021, Appellant filed the current, *pro se* PCRA petition, which he styled as a "supplement" to his first petition. In it, Appellant raised three claims challenging PCRA counsel's effectiveness. On December 6, 2021, the court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not respond to the Rule 907 notice, and the court dismissed Appellant's petition on January 10, 2022.

Appellant timely filed a *pro se* notice of appeal on January 20, 2022.

- 2 -

That same day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed a *pro se* Rule 1925(b) statement on February 7, 2022.

Appellant now raises one issue for our review:

> Whether [Appellant] has a United States Constitutional 14th Amendment Right and/or a Pennsylvania Constitutional Article 1, Section 9 right to challenge [PCRA counsel] as being ineffective … after [Appellant's] PCRA appeal became final?

(Appellant's Brief at 4).

On appeal, Appellant asserts that there is currently no way for a PCRA petitioner to challenge the effectiveness of an attorney who represents that petitioner "during his first PCRA proceedings **and** appeal[.]" (***Id.*** at 8) (emphasis added). Appellant insists that a petitioner is entitled to effective assistance of counsel in conjunction with a first PCRA petition, and a due process violation exists if a petitioner does not have a pathway to challenge counsel's effectiveness under the circumstances presented here. Appellant acknowledges that our Supreme Court recently recognized this "dilemma" in ***Commonwealth v. Bradley***, ___ Pa. ___, 261 A.3d 381 (2021). Appellant concludes that this Court "must intervene in this case by creating an exception to the PCRA" timeliness requirements, which would allow Appellant to challenge PCRA counsel's effectiveness. (Appellant's Brief at 9).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d

- 3 -

978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Generally, "a claim of ineffective assistance

of counsel does not provide an exception to the PCRA time bar."
***Commonwealth v. Sims***, 251 A.3d 445, 448 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 265 A.3d 194 (2021).

On October 20, 2021, our Supreme Court issued its decision in ***Bradley***, expressly holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Bradley, supra*** at ___, 261 A.3d at 401 (internal footnote omitted). Nevertheless, ***Bradley*** involved ineffectiveness claims that the petitioner raised on direct appeal following the dismissal of a timely, first PCRA petition. The ***Bradley*** Court noted that "an approach favoring the consideration of ineffectiveness claims of PCRA counsel on appeal (if the first opportunity to do so) does not sanction extra-statutory serial petitions." ***Id.*** at ___, 261 A.3d at 403.

> Moreover, in his concurrence, Justice Dougherty emphasized:
>
> > Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his "first opportunity to do so."

***Id.*** at ___, 261 A.3d at 406 (Justice Dougherty concurring). Consequently, this Court has declined to extend the holding of ***Bradley*** to cases involving untimely or serial petitions. ***See Commonwealth v. Mead***, 277 A.3d 1111

(Pa.Super. 2022) (unpublished memorandum), *appeal denied*, 2022 WL 4139124 (Pa. Sep. 13, 2022) (emphasizing that **Bradley** involved a timely first PCRA petition and did not apply to appellant's appeal from order denying his untimely petition); **Commonwealth v. Coto**, 272 A.3d 461 (Pa.Super. 2022) (unpublished memorandum), *appeal denied*, 2022 WL 3754266 (Pa. Aug. 30, 2022) (declining to remand case for further development of record where appellant sought to challenge first PCRA counsel's effectiveness on appeal from order dismissing second PCRA petition; appellant did not raise claims of PCRA counsel's ineffectiveness at first possible opportunity).[2]

Instantly, our Supreme Court denied Appellant's first petition for allowance of appeal on December 26, 2018. Appellant's judgment of sentence became final ninety (90) days later, on or about March 26, 2019. See U.S.Sup.Ct.R. 13 (stating appellant must file petition for writ of *certiorari* with United States Supreme Court within 90 days after entry of judgment by state court of last resort). Thus, Appellant had until March 26, 2020 to file a PCRA petition. Appellant timely pursued a first PCRA petition on September 6, 2019, which the court dismissed on March 30, 2020.

Appellant filed the current petition on November 29, 2021, which was facially untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant has failed to plead or prove an exception to the PCRA timeliness requirements. Although

---

[2] **See** Pa.R.A.P. 126(b) (stating this Court may cite to and rely on for persuasive value unpublished decisions of this Court filed after May 1, 2019).

the current petition attempts to invoke **Bradley**, the PCRA court correctly recognized that **Bradley** "does not create an avenue for [Appellant], who was represented by the same [PCRA counsel] through his appeal, to now file layered ineffectiveness claims as supplements to his original petition." (Rule 907 Notice, filed 12/6/21, at 2) (unnumbered). Our review of the relevant case law confirms the PCRA court's conclusion. **See Bradley, supra**; **Mead, supra**; **Coto, supra**. Accordingly, we affirm the order dismissing Appellant's current PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2022