**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDRE LOWRY | : | |
| | : | |
| Appellant | : | No. 1017 WDA 2022 |

Appeal from the PCRA Order Entered August 17, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000158-1997,
CP-02-CR-0009751-1997

BEFORE: LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: JULY 14, 2023**

Appellant, Andre Lowry, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which dismissed his serial petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On January 26, 1998, a jury convicted Appellant of first-degree murder and carrying a firearm without a license at two separate docket numbers.  The court sentenced Appellant to life imprisonment without the possibility of parole for the first-degree murder conviction.  The court imposed a consecutive term of three and one-half (3½) to seven (7) years' imprisonment for the firearms conviction.  This Court affirmed the judgment of sentence on April 13, 2000,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

and our Supreme Court denied Appellant's petition for allowance of appeal on August 30, 2000. **See Commonwealth v. Lowry**, No. 918 Pittsburgh 1998, unpublished memorandum at 1 (Pa.Super. filed April 13, 2000), *appeal denied*, 563 Pa. 684, 760 A.2d 852 (2000).

On January 24, 2001, Appellant timely filed his first *pro se* PCRA petition. The court appointed counsel, and various delays ensued. Ultimately, counsel filed an amended petition on Appellant's behalf on July 18, 2007. Although the court conducted an evidentiary hearing, it denied PCRA relief on December 30, 2008. This Court affirmed the order on January 14, 2010, and our Supreme Court denied Appellant's petition for allowance of appeal on August 12, 2010. Thereafter, Appellant filed additional, unsuccessful PCRA petitions.

Appellant filed the current *pro se* PRCA petition on April 4, 2022. On July 26, 2022, the court issued Pa.R.Crim.P. 907 notice. Appellant filed a *pro se* response on August 2, 2022. On August 17, 2022, the court dismissed the current petition as time barred. Appellant timely filed a *pro se* notice of appeal on August 30, 2022.[2] On September 7, 2022, the court ordered Appellant to

---

[2] We note that Appellant filed a single notice of appeal, even though the PCRA court denied relief at both underlying docket numbers. Generally, an appellant must file separate notices of appeal at each trial court docket number. **See Commonwealth v. Walker**, 646 Pa. 456, 185 A.3d 969 (2018). Nevertheless, the PCRA court misled Appellant about the manner in which to take an appeal, instructing Appellant of his "right to appeal this Order … within thirty (30) days[.]" (**See** Order, entered 8/17/22). The court's failure to provide a specific instruction regarding the need to file two separate appeals constituted a breakdown in the operations of the court such that we may
*(Footnote Continued Next Page)*

file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed a *pro se* Rule 1925(b) statement on September 16, 2022.

Appellant now raises two issues for our review:

> Because Appellant has a rule-based right to effective representation in our Commonwealth in his initial PCRA, and petitioners have to raise their ineffective assistance of counsel claims ... in that initial PCRA, and appointed PCRA counsel fails to do so, does **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021) apply to an appellant who [raised] his ineffectiveness claims at his first opportunity to do so (*i.e.* once initial PCRA petition was considered final)[?]
>
> Is **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021) a new state rule that entitles Appellant a merit review on appeal or post-conviction for previously raised "without a meritorious ruling" for PCRA [counsel's] ineffective assistance for failing to raise layered meritorious claims of pretrial, trial, and direct appeal counsels' ineffectiveness?

(Appellant's Brief at 7).

On appeal, Appellant emphasizes that he possessed a rule-based right to receive effective assistance from counsel for his first PCRA petition. Appellant acknowledges that the court appointed multiple attorneys to assist with the preparation of his first PCRA petition, but Appellant insists that their

---

overlook the defective nature of Appellant's otherwise timely notice of appeal. **See Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa.Super. 2020) (*en banc*), *appeal denied*, ___ Pa. ___, 251 A.3d 773 (2021) (declining to quash appeal under **Walker** where PCRA court utilized singular language in order informing defendant of appellate rights; stating, "we may overlook the requirements of **Walker** where, as here, a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights").

representation was deficient. Appellant maintains that he has attempted to present layered claims of PCRA counsels' ineffectiveness "for years," but the courts "never address" his claims. (*Id.* at 13). Consequently, Appellant now cites *Bradley, supra* for the proposition that our Supreme Court has "created an opportunity for appellants … to raise … squandered layered claims of ineffective assistance," pursuant to the PCRA's timeliness exception at Section 9545(b)(1)(iii).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

(i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)      the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  Generally, "a claim of ineffective assistance of counsel does not provide an exception to the PCRA time bar." ***Commonwealth v. Sims***, 251 A.3d 445, 448 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 265 A.3d 194 (2021).

Our Supreme Court's decision in ***Bradley*** expressly held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Bradley***, ***supra*** at ___, 261 A.3d at 401 (internal footnote omitted).   Nevertheless, ***Bradley*** involved ineffectiveness claims that the petitioner raised on direct appeal following the dismissal of a timely, first PCRA petition.  The ***Bradley*** Court noted that "an approach favoring the consideration of ineffectiveness claims of PCRA counsel on appeal (if the first opportunity to do so) does not sanction extra-statutory serial petitions." ***Id.*** at ___, 261 A.3d at 403.

Moreover, in his concurrence, Justice Dougherty emphasized:

> Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his "first opportunity to so."

*Id.* at \_\_\_, 261 A.3d at 406 (Justice Dougherty concurring). Consequently, this Court has declined to extend the holding of **Bradley** to cases involving untimely or serial petitions. *See Commonwealth v. Mead*, 277 A.3d 1111 (Pa.Super. 2022) (unpublished memorandum), *appeal denied*, \_\_\_ Pa. \_\_\_, 284 A.3d 1182 (2022) (emphasizing that **Bradley** involved timely first PCRA petition and did not apply to appellant's appeal from order denying his untimely petition); *Commonwealth v. Coto*, 272 A.3d 461 (Pa.Super. 2022) (unpublished memorandum), *appeal denied*, \_\_\_ Pa. \_\_\_, 284 A.3d 449 (2022) (declining to remand case for further development of record where appellant sought to challenge first PCRA counsel's effectiveness on appeal from order dismissing second PCRA petition; appellant did not raise claims of PCRA counsel's ineffectiveness at first possible opportunity).[3]

Instantly, our Supreme Court denied allowance of appeal on August 30, 2000. Appellant's judgment of sentence became final ninety (90) days later, on or about November 28, 2000. *See* U.S.Sup.Ct.R. 13 (stating appellant

---

[3] *See* Pa.R.A.P. 126(b) (stating this Court may cite to and rely on for persuasive value unpublished decisions of this Court filed after May 1, 2019).

must file petition for writ of *certiorari* with United States Supreme Court within 90 days after entry of judgment by state court of last resort). Thus, Appellant had until November 28, 2001 to file a PCRA petition. Appellant timely filed a first PCRA petition on January 24, 2001, which the court dismissed.

Appellant filed the current petition on April 4, 2022, which was facially untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant has failed to prove an exception to the PCRA timeliness requirements. Although the current petition attempts to invoke ***Bradley***, our review of the relevant case law confirms that ***Bradley*** does not create an avenue for Appellant to challenge prior counsels' effectiveness in this untimely, serial petition. ***See Bradley, supra***; ***Mead, supra***; ***Coto, supra***. Accordingly, we affirm the order dismissing Appellant's current PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2023