J-S11038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TARIK GRAY A/K/A JAMAL MOMENT | : | |
| | : | |
| Appellant | : | No. 3039 EDA 2022 |

Appeal from the PCRA Order Entered November 10, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0015089-2007

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED AUGUST 8, 2023**

Appellant, Tarik Gray a/k/a Jamal Moment, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his second petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows:

> On August 31, 2007, [Appellant] was arrested and charged with [m]urder and related charges.  On March 23, 2009, after a jury convicted [Appellant], [the trial court] sentenced [Appellant] to life imprisonment without the possibility of parole for the charge of [f]irst-[d]egree [m]urder and concurrent terms of imprisonment of twenty to forty years for both charges of [a]ttempted [m]urder, and two and a half years to five years for [p]ossession of an [i]nstrument of [c]rime.[1]
>
> [1] All other charges were *nolle prossed*.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

On February 23, 2010, [this Court] affirmed [Appellant's] [j]udgment of [s]entence. On January 3, 2011, the Supreme Court of Pennsylvania denied [Appellant's] [p]etition for [a]llowance of [a]ppeal. [*See Commonwealth v. Gray*, 996 A.2d 6 (Pa.Super. 2010) (unpublished memorandum), *appeal denied*, 609 Pa. 684, 14 A.3d 824 (2011).]

On August 13, 2012, [Appellant] filed a *pro se* [PCRA] [p]etition, his first. On May 29, 2015, after appointed counsel filed a no merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988), this [c]ourt filed a [n]otice of [i]ntent to [d]ismiss pursuant to Pa.R.Crim.P. 907. On July 2, 2015, this [c]ourt dismissed the petition and [Appellant] did not appeal.

On September 29, 2022, [Appellant] filed a *pro se* PCRA [p]etition, his second. On October 19, 2022, this [c]ourt issued a [n]otice of [i]ntent to [d]ismiss pursuant to Pa.R.Crim.P. 907. On October 28, 2022, [Appellant] filed a response.

(PCRA Court Opinion, filed 11/10/22, at 1-2). On November 10, 2022, the PCRA court denied relief. Appellant timely filed a notice of appeal on November 18, 2022, along with a voluntary Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant now raises two issues for our review:

Whether the PCRA [c]ourt [m]isapprehended the [l]aw by denying Appellant['s] PCRA [P]etition, under government interference by government officials as founded at 42 Pa.C.S.[A.] § 9545 (b)(1)(i) and established under *Commonwealth v. Bradley*, [___ Pa. ___, 261 A.3d 381 (2021).]

Whether Appellant['s] PCRA counsel [was] ineffective for failing to recognize the merit of Appellant's claim that trial counsel was constitutionally ineffective for failing to object to the reasonable doubt jury instruction.

(Appellant's Brief at vi).

In his first issue, Appellant argues that his PCRA counsel was ineffective in connection with litigation of his first PCRA petition. Appellant asserts that he had a rule-based right to receive effective assistance of counsel for his first PCRA petition. Appellant complains that PCRA counsel improperly filed a "no-merit" letter even though Appellant had meritorious claims of trial counsel's ineffectiveness for the court's review. Appellant acknowledges that he did not challenge PCRA counsel's effectiveness in response to the court's issuance of Rule 907 notice or in an appeal from the PCRA court order denying relief on his first PCRA petition. Appellant insists, however, that nothing in Rule 907 informs an appellant that a failure to respond to the notice with a challenge to PCRA counsel's effectiveness results in waiver of that claim. Appellant relies on our Supreme Court's decision in **Bradley, supra**, which Appellant suggests satisfies the "governmental interference" exception to the PCRA's time-bar, alleging that our Supreme Court recently decided that PCRA petitioners are not required to challenge PCRA counsel's ineffectiveness in response to Rule 907 notice. Appellant concludes that he satisfied a timeliness exception and the PCRA court erred by dismissing his second petition as untimely. We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009).

Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)      the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Generally, "a claim of ineffective assistance of counsel does not provide an exception to the PCRA time bar."

*Commonwealth v. Sims*, 251 A.3d 445, 448 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 265 A.3d 194 (2021).

Our Supreme Court's decision in *Bradley* expressly held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Bradley*, *supra* at __, 261 A.3d at 401 (internal footnote omitted). Nevertheless, *Bradley* involved ineffectiveness claims that the petitioner raised on direct appeal following the dismissal of a timely, first PCRA petition. The *Bradley* Court noted that "an approach favoring the consideration of ineffectiveness claims of PCRA counsel on appeal (if the first opportunity to do so) does not sanction extra-statutory serial petitions." *Id.* at ___, 261 A.3d at 403.

Moreover, in his concurrence, Justice Dougherty emphasized:

> Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his "first opportunity to so."

*Id.* at ___, 261 A.3d at 406 (Justice Dougherty concurring). Consequently, this Court has declined to extend the holding of *Bradley* to cases involving untimely or serial petitions. *See Commonwealth v. Mead*, 277 A.3d 1111 (Pa.Super. 2022) (unpublished memorandum), *appeal denied*, ___ Pa. ___, 284 A.3d 1182 (2022) (emphasizing that *Bradley* involved timely first PCRA petition and did not apply to appellant's appeal from order denying his

- 5 -

untimely petition); ***Commonwealth v. Coto***, 272 A.3d 461 (Pa.Super. 2022) (unpublished memorandum), *appeal denied*, ___ Pa. ___, 284 A.3d 449 (2022) (declining to remand case for further development of record where appellant sought to challenge first PCRA counsel's effectiveness on appeal from order dismissing second PCRA petition; appellant did not raise claims of PCRA counsel's ineffectiveness at first possible opportunity).[2]

Instantly, our Supreme Court denied Appellant's petition for allowance of appeal on January 3, 2011. Appellant's judgment of sentence became final 90 days later, on or around April 3, 2011, after expiration of his time to file a petition for writ of *certiorari* with the United State Supreme Court. ***See*** U.S.Sup.Ct.R. 13 (stating petitioner has 90 days to file petition for writ of *certiorari* with United States Supreme Court); 42 Pa.C.S.A. § 9545(b)(3). Thus, Appellant had one year from that date to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant did not file the instant PCRA petition until September 29, 2022, which is patently untimely.

Although Appellant purports to cite the "governmental interference" exception to the PCRA's time-bar, his proffered exception relying on ***Bradley*** is more properly construed as pleading the "new constitutional right" exception at Section 9545(b)(1)(iii). Notwithstanding Appellant's reliance on ***Bradley***, our review of the relevant case law confirms that ***Bradley*** does not

---

[2] ***See*** Pa.R.A.P. 126(b) (stating this Court may cite to and rely on for persuasive value unpublished decisions of this Court filed after May 1, 2019).

create an avenue for Appellant to challenge prior counsels' effectiveness in this untimely petition.[3] **See Bradley, supra**; **Mead, supra**; **Coto, supra**. Accordingly, we affirm the order dismissing Appellant's current PCRA petition.

Order affirmed.

Judge McLaughlin joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2023

---

[3] Appellant alleges both PCRA counsel's and trial counsel's ineffectiveness. Based on our decision that Appellant has not satisfied a time-bar exception, we do not reach Appellant's second issue concerning the merits of his ineffectiveness claims. We reiterate that claims of ineffective assistance of counsel generally do not meet a PCRA time-bar exception. **See Sims, supra**.