J-S36037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TERRY D. WALKER | : | |
| | : | |
| Appellant | : | No. 409 EDA 2023 |

Appeal from the PCRA Order Entered January 5, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0608421-2005

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED OCTOBER 27, 2023**

Appellant, Terry D. Walker, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, denying as untimely his fourth petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. On January 20, 2005, Appellant bound Joseph Smith ("Victim") with zip ties, robbed him, and shot him multiple times in the back of a white minivan. Following a trial presided over by the Honorable Renee Cardwell Hughes, a jury convicted Appellant of first-degree murder, robbery, and possession of an instrument of crime on March 5, 2007. On March 7, 2007, the court sentenced Appellant to a mandatory term of life imprisonment without parole

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

followed by an aggregate term of 12½ to 25 years of imprisonment. This Court affirmed the judgment of sentence on June 15, 2009, and our Supreme Court denied allowance of appeal on November 25, 2009. ***See Commonwealth v. Walker***, 981 A.2d 325 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 603 Pa. 703, 983 A.2d 1249 (2009). Thereafter, Appellant unsuccessfully litigated three PCRA petitions.

On May 20, 2022, Appellant filed the current PCRA petition, his fourth, alleging that the judge who presided over Appellant's preliminary hearing erred by allowing hearsay evidence alone to establish a *prima facie* case. On November 22, 2022, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant filed responses on December 8, 2022, and December 16, 2022, alleging in part that he recently learned that Judge Hughes' reasonable doubt jury instructions were unconstitutional. The PCRA court dismissed Appellant's petition as untimely on January 5, 2023. Appellant filed a timely notice of appeal on January 27, 2023. On February 8, 2023, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on February 22, 2023.

Appellant raises the following issue for our review:

> Whether counsel provided effective assistance, pursuant to the 6th Amendment?

(Appellant's Brief at 4) (subsections omitted).

On appeal, Appellant asserts that this Court should take judicial notice

of our Supreme Court's recent decision in **Commonwealth v. Drummond**, ___ Pa. ___, 285 A.3d 625 (2022), *cert. denied*, ___ U.S. ___, 143 S.Ct. 1766, 215 L.Ed.2d 659 (2023), which invalidated a hypothetical used by Judge Hughes to explain reasonable doubt to the jury.[2] Appellant argues that Judge Hughes gave a nearly identical hypothetical to the jury at his trial. Appellant claims that our Supreme Court's ruling in **Drummond** satisfies the newly discovered fact and newly recognized constitutional right exceptions to the PCRA time bar. Appellant further contends that prior PCRA counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness for failing to object to Judge Hughes' hypothetical. Appellant concludes that the PCRA court erred in dismissing his PCRA petition as untimely, and this Court should vacate the PCRA court's order and remand for further proceedings. We disagree.

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear

---

[2] Our Supreme Court decided **Drummond** on November 23, 2022. The Court held that a hypothetical analogizing reasonable doubt to making a decision about a serious surgery for a loved one was reasonably likely to cause the jury to apply a diminished standard of proof. Nevertheless, the Court determined that the appellant's trial counsel did not provide ineffective assistance for failing to object to the jury instruction because counsel cannot be held ineffective for failing to anticipate a change in the law.

an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Generally, "a claim of ineffective assistance of counsel does not provide an exception to the PCRA time bar." **Commonwealth v. Sims**, 251 A.3d 445, 448 (Pa.Super. 2021), *appeal*

- 4 -

*denied*, \_\_\_ Pa. \_\_\_, 265 A.3d 194 (2021).

Instantly, following Appellant's direct appeal, our Supreme Court denied allowance of appeal on November 25, 2009. Appellant's judgment of sentence became final ninety (90) days later, on or about February 23, 2010. **See** U.S.Sup.Ct.R. 13 (stating appellant must file petition for writ of *certiorari* with United States Supreme Court within 90 days after entry of judgment by state court of last resort). Thus, Appellant had until February 23, 2011 to file a timely PCRA petition.

Appellant filed the current PCRA petition on May 20, 2022, which is facially untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). In his brief, Appellant vaguely attempts to invoke the newly discovered facts and the newly recognized constitutional right exceptions to the PCRA time bar, based on our Supreme Court's decision in **Drummond**. Nevertheless, judicial decisions do not constitute a "new fact" for purposes of the exception. **See Commonwealth v. Watts**, 611 Pa. 80, 23 A.3d 980 (2011) (explaining subsequent decisional law does not constitute new "fact" per Section 9545(b)(1)(ii)). Additionally, the **Drummond** Court did not hold that its decision was to apply retroactively, as required to qualify for the newly recognized constitutional right exception. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii). **See also Commonwealth v. Chambers**, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (stating that to satisfy newly-recognized constitutional right exception under Section 9545(b)(1)(iii),

petitioner must prove that there is new constitutional right and that right has been held by Supreme Court of United States or Supreme Court of Pennsylvania to apply retroactively). Therefore, Appellant has failed to prove an exception to the PCRA timeliness requirements.[3] Accordingly, we affirm.[4]

Order affirmed.

_____

[3] Appellant's claims of prior PCRA counsel's ineffectiveness do not satisfy an exception to the PCRA's time bar. **See Sims, supra**. Moreover, trial counsel would not have been ineffective for failing to anticipate the change in the law (**see Drummond, supra**), so prior PCRA counsel would not have been ineffective in failing to raise this claim. To the extent that Appellant purports to rely on our Supreme Court's decision in **Commonwealth v. Bradley**, ____ Pa. ____, 261 A.3d 381 (2021), that decision affords him no relief. In **Bradley**, the Court expressly held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Bradley, supra** at ____, 261 A.3d at 401 (internal footnote omitted). Nevertheless, this Court has declined to extend the holding of **Bradley** to cases involving untimely or serial petitions. **See Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa.Super. 2023) (holding that **Bradley** does not create right to file subsequent PCRA petition outside PCRA's one-year time limit as method of raising ineffectiveness of PCRA counsel or permit recognition of such right). Further, Appellant appears to challenge prior PCRA counsel's ineffectiveness (presumably, counsel who represented Appellant in his first PCRA petition); the current appeal would not be Appellant's first opportunity to have done so, as required by **Bradley**.

[4] On October 6, 2023, Appellant filed an application for relief in this Court seeking, *inter alia*, a hearing on his current PCRA claims. Based on our disposition, we deny the requested relief.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:  October 27, 2023