J-S32035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WALTER A. SMITH | : | |
| | : | |
| Appellant | : | No. 288 EDA 2024 |

Appeal from the PCRA Order Entered December 22, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0607261-2003

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED NOVEMBER 27, 2024**

Appellant, Walter A. Smith, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his third petition brought pursuant to the Post Conviction Relief Act.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On April 29, 2005, following a bench trial, the court convicted Appellant of first-degree murder, firearms not to be carried without a license, carrying firearms on a public street in Philadelphia, and possessing instruments of crime.  The court sentenced Appellant to a mandatory term of life imprisonment on July 8, 2005.  On July 15, 2005, Appellant filed a post-sentence motion, claiming, in relevant part, that trial counsel was ineffective for failing to discover that one of the Commonwealth's witnesses at trial allegedly testified under an

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

alias. The court denied Appellant's post-sentence motion on December 9, 2005. This Court affirmed Appellant's judgment of sentence on August 14, 2007, and our Supreme Court denied Appellant's petition for allowance of appeal on April 2, 2008. *See Commonwealth v. Smith*, 935 A.2d 22 (Pa.Super. 2007) (unpublished memorandum), *appeal denied*, 596 Pa. 744, 946 A.2d 686 (2008).

On October 22, 2008, Appellant filed his first PCRA petition. Following a remand for an evidentiary hearing, the PCRA court ultimately denied relief on May 11, 2012. This Court affirmed the order denying PCRA relief on May 7, 2013, and our Supreme Court denied allowance of appeal on September 17, 2013. *See Commonwealth v. Smith*, 81 A.3d 991 (Pa.Super. 2013) (unpublished memorandum), *appeal denied*, 621 Pa. 672, 74 A.3d 1031 (2013).

Appellant filed a second PCRA petition on December 22, 2016, asserting that his claim fell under the governmental interference exception to the PCRA time-bar because the Commonwealth withheld evidence that one of its witnesses testified under an alias, amounting to a *Brady*[2] violation. The PCRA court dismissed Appellant's petition as untimely, noting that Appellant was aware of the information underlying his claim as early as 2005, when he first raised the claim in his post-sentence motion. This Court affirmed the order

_____

[2] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

denying PCRA relief on January 23, 2018, and our Supreme Court denied allowance of appeal on November 20, 2018. *See Commonwealth v. Smith*, 183 A.3d 1080 (Pa.Super. 2018) (unpublished memorandum), *appeal denied*, 649 Pa. 636, 197 A.3d 1174 (2018).

On October 18, 2022, Appellant filed the instant PCRA petition, claiming that he satisfied the new constitutional right exception to the PCRA time-bar based on our Supreme Court's decision in *Commonwealth v. Bradley*, ___ Pa. ___, 261 A.3d 381 (2021). Appellant further claimed that *Bradley* entitled him to raise his layered claim that PCRA counsel and trial counsel were both ineffective for failing to recognize and argue that a Commonwealth witness allegedly testified under an alias. On November 1, 2023, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, explaining that *Bradley* did not establish a new constitutional right as defined by the PCRA timeliness exceptions. Appellant filed a response on December 21, 2023. The PCRA court formally dismissed Appellant's petition as untimely on December 22, 2023. Appellant filed a timely notice of appeal on January 10, 2024. The court did not order, and Appellant did not file, a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant raises the following issues for our review:

> Whether trial counsel was ineffective for failing to argue Appellant's complete innocence as requested and directed by Appellant as required by *McCoy v. Louisiana*, 138 S.Ct. 1500, 1510-11 (2018) (counsel's failure to adhere to client's

- 3 -

direction to maintain and argue client's innocence, … is a violation of the client's Sixth Amendment autonomy and is structural error subject to harmless error analysis) and PCRA counsel was ineffective, for failing to raise this issue in his amended PCRA petition?

Whether pursuant to [**Bradley, supra**] where the Pennsylvania Supreme Court held that; "we reject the current Rule 907 procedure by which a petitioner may raise claims of ineffective assistance of PCRA counsel as unworkable and offer a modified and flexible approach allowing a petitioner to raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal."

(Appellant's Brief at 5).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove

at least one of the three timeliness exceptions:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Generally, "a claim of ineffective assistance of counsel does not provide an exception to the PCRA time bar." *Commonwealth v. Sims*, 251 A.3d 445, 448 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 265 A.3d 194 (2021). Additionally, the "new constitutional right" exception has two requirements: First, the right asserted must be a right newly recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania; second, the right must have been held by that Court to apply retroactively. *Commonwealth v. Spotz*, 642 Pa. 717, 724, 171 A.3d 675, 679 (2017).

On October 20, 2021, our Supreme Court issued its decision in *Bradley*, expressly holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."

*Bradley, supra* at \_\_\_, 261 A.3d at 401 (internal footnote omitted). Nevertheless, *Bradley* involved ineffectiveness claims that the petitioner raised on direct appeal following the dismissal of a timely, first PCRA petition. The *Bradley* Court noted that "an approach favoring the consideration of ineffectiveness claims of PCRA counsel on appeal (if the first opportunity to do so) does not sanction extra-statutory serial petitions." *Id.* at \_\_\_, 261 A.3d at 403.

> Moreover, in his concurrence, Justice Dougherty emphasized:
>
>> Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his "first opportunity to do so."

*Id.* at \_\_\_, 261 A.3d at 406 (Justice Dougherty concurring). Consequently, this Court declined to extend the holding of *Bradley* to cases involving untimely or serial petitions, explaining:

> Nothing in *Bradley* creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right. To the contrary, our Supreme Court in *Bradley* unambiguously rejected the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel.

*Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa.Super. 2023). *See also* *Commonwealth v. Johnson*, No. 696 EDA 2022 (Pa.Super. filed Mar. 7, 2023) (unpublished memorandum) (holding *Bradley* did not recognize new

constitutional right permitting PCRA petitioners to file subsequent PCRA petitions in order to challenge prior PCRA counsel's ineffective assistance).[3]

Instantly, following Appellant's direct appeal, our Supreme Court denied Appellant's petition for allowance of appeal on April 2, 2008. Appellant's judgment of sentence became final ninety (90) days later, on or about July 1, 2008. *See* U.S.Sup.Ct.R. 13 (stating appellant must file petition for writ of *certiorari* with United States Supreme Court within 90 days after entry of judgment by state court of last resort). Thus, Appellant had until July 1, 2009 to file a timely PCRA petition. Appellant filed the current petition on October 18, 2022, which is facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

Appellant argues that the PCRA court erred in dismissing his petition as untimely because ***Bradley*** permits him to raise a claim of PCRA counsel's ineffective assistance at the first opportunity to do so. Nevertheless, this Court has repeatedly held that ***Bradley*** does provide an exception to the PCRA's timeliness requirements. ***See Stahl, supra***; ***Johnson, supra.*** Additionally, the record belies Appellant's claim that the current PCRA petition was Appellant's first opportunity to raise his claim that PCRA counsel was ineffective. Appellant has filed two PCRA petitions prior to the instant one. Appellant was appointed counsel for both petitions and he does not specify which PCRA counsel was allegedly ineffective. Regardless, Appellant appealed

---

[3] ***See*** Pa.R.A.P. 126(b) (stating this Court may cite to and rely on for persuasive value unpublished decisions of this Court filed after May 1, 2019).

the denial of his first PCRA petition and did not raise a claim that his first PCRA counsel was ineffective. Appellant also did not raise such a claim in his second PCRA petition. Appellant appealed the dismissal of his second PCRA petition and similarly did not raise a claim that either his first or second PCRA counsel were ineffective. As such, the instant petition was not Appellant's first opportunity to raise his claim. As **Bradley** does not satisfy any of the exceptions to the PCRA time-bar, Appellant's petition remains time barred. Accordingly, we affirm.[4]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/27/2024

---

[4] We further note that the specific claim of ineffective assistance of counsel that Appellant now raises and argues on appeal was not raised in his PCRA petition. As such, this claim is waived in any event. **See** Pa.R.A.P. 302(a) (stating: "Issues not raised in the [PCRA] court are waived and cannot be raised for the first time on appeal").