**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LOREN RYAN STAINS | : | |
| | : | |
| Appellant | : | No. 331 MDA 2023 |

Appeal from the PCRA Order Entered January 11, 2023
In the Court of Common Pleas of Fulton County
Criminal Division at No(s): CP-29-CR-0000009-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LOREN RYAN STAINS | : | |
| | : | |
| Appellant | : | No. 719 MDA 2023 |

Appeal from the PCRA Order Entered January 11, 2023
In the Court of Common Pleas of Fulton County
Criminal Division at No(s): CP-29-CR-0000010-2014

BEFORE: NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.:                    **FILED JUNE 27, 2024**

Appellant, Loren Ryan Stains, appeals from the order entered in the Fulton County Court of Common Pleas, denying as untimely his petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

The relevant facts and procedural history of this case are as follows. Appellant pled guilty at two dockets to possession with intent to deliver a controlled substance "(PWID") and delivery of a controlled substance on April 15, 2014. On July 1, 2014, the trial court sentenced Appellant to 11½ to 23 months' incarceration and 24 months' probation on the delivery of a controlled substance conviction, and 48 months' probation to be served consecutively on the PWID conviction. On December 1, 2014, Appellant was granted parole.

On March 13, 2015, while on parole, Appellant was arrested and charged with possession of a controlled substance and public intoxication. (**See** Notification of Violation of Probation or Parole, filed 4/6/2015, at 1). The court conducted a **Gagnon I**[2] hearing on April 1, 2015. (**Id.** at 2). On May 26, 2015, Appellant waived his right to a **Gagnon II** hearing and admitted that he was arrested and charged with new criminal offenses. The court found Appellant in violation of the terms of his parole and probation. On November 3, 2015, Appellant was resentenced to 9 to 24 months' incarceration on the delivery of a controlled substance conviction, and 12 to 36 months' incarceration to be served consecutively for the PWID conviction. Appellant

_____

[2] **Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). **See also Commonwealth v. Ferguson,** 761 A.2d 613 (Pa.Super. 2000) (explaining that when parolee or probationer is detained pending revocation hearing, due process requires determination at pre-revocation hearing (**Gagnon I** hearing) of probable cause to believe violation was committed; upon finding of probable cause, second, more comprehensive hearing (**Gagnon II** hearing) follows before court makes final revocation decision).

did not file a motion to reconsider or appeal his revocation sentence.

On August 8, 2022, Appellant filed a *pro se* PCRA petition, claiming that his revocation sentence was illegal under ***Commonwealth v. Simmons***, 262 A.3d 512 (Pa.Super. 2021) (*en banc*).[3]  The court appointed counsel, who filed a ***Turner***/***Finley***[4] no merit letter and a motion to withdraw on September 12, 2022.  On December 1, 2022, the court granted counsel's motion to withdraw and issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing.  Appellant filed a *pro se* response to the Rule 907 notice on December 27, 2022.  On January 11, 2023, the court dismissed Appellant's PCRA petition as untimely.  Appellant timely appealed.[5]  On February 28,

_____

[3] In ***Simmons***, this Court held that a trial court may not anticipatorily revoke probation when a defendant commits a violation of his supervision while on parole but before the probationary period has begun.  In so holding, the ***Simmons*** Court overturned prior caselaw which had permitted this practice.

[4] ***See Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[5] Appellant submitted a *pro se* notice of appeal dated and postmarked on February 8, 2023.  Pursuant to the prisoner mailbox rule, Appellant's filing was timely.  ***See Commonwealth v. DiClaudio***, 210 A.3d 1070 (Pa.Super. 2019) (explaining that prisoner mailbox rule provides that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).  Nevertheless, Appellant failed to file separate notices of appeal at each underlying docket number in violation of ***Commonwealth v. Walker***, 646 Pa. 456, 185 A.3d 969 (2018).  On April 28, 2023, this Court directed Appellant to file amended notices of appeal at each trial court docket number.  ***See Commonwealth v. Young***, 280 A.3d 1049, 1057 (Pa.Super. 2022) (holding that if timely appeal is erroneously filed at one docket, appellate court may permit appellant to correct error).  Appellant filed amended notices of appeal at both trial court dockets on May 10, 2023.

2023, the court ordered Appellant to file a Pa.R.A.P. concise statement of matters complained of on appeal, and Appellant timely complied on March 23, 2023. On May 19, 2023, this Court consolidated the appeals *sua sponte*.

Appellant raises the following issues for our review:

> Did the [PCRA] court misapply the statutory authority to violate Appellant's probation sentences that didn't yet commence?
>
> Was counsel ineffective for failing to pursue the letter of the law and ensure that Appellant was properly represented during his probation revocation and resentencing?
>
> Did the [PCRA] court have statutory authority to revoke Appellant's terms of consecutive probations prior to the actual start thereof; including subject matter jurisdiction at that time to revoke and resentence Appellant?
>
> Does Appellant have a legal right to pursue a legal remedy to correct the miscarriage of justice, and seek to have the lawful sentence applied as it should've been initially?

(Appellant's Brief at 5).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in

- 4 -

the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Generally, "a claim of ineffective assistance of counsel does not provide an exception to the PCRA time bar." *Commonwealth v. Sims*, 251 A.3d 445, 448 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 265 A.3d 194 (2021).

To meet the "newly discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate that "he did not know

the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015). To satisfy the newly-recognized constitutional right exception under Section 9545(b)(1)(iii), the petitioner must plead and prove: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section," and "the right 'has been held' by 'that court' to apply retroactively." ***Commonwealth v. Miller***, 102 A.3d 988, 994 (Pa.Super. 2014) (citation and brackets omitted). "[A] new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases." ***Id.*** at 995 (citations omitted).

Instantly, Appellant's judgment of sentence became final on December 3, 2015, upon expiration of the 30-day period to file a direct appeal in this Court. ***See*** Pa.R.A.P. 903(a). Thus, Appellant had until December 3, 2016 to file a timely PCRA petition. Appellant filed the current PCRA petition on August 8, 2022, which is facially untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Although Appellant purports to challenge the legality of his sentence, which is not subject to waiver, he must still raise the issue in a timely PCRA petition or satisfy one of the timeliness exceptions. ***See Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d

- 6 -

756 (2008) (stating: "[A]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

In his brief, Appellant vaguely attempts to invoke the newly discovered facts and the newly recognized constitutional right exceptions to the PCRA time bar, based on this Court's decision in **Simmons**. Nevertheless, judicial decisions do not constitute a "new fact" for purposes of the time-bar exception. **See Commonwealth v. Watts**, 611 Pa. 80, 23 A.3d 980 (2011) (explaining subsequent decisional law does not constitute new "fact" per Section 9545(b)(1)(ii)).

Additionally, the **Simmons** decision does not establish a newly recognized constitutional right as defined by Section 9545(b)(1)(iii). Significantly, "[o]ur ruling in **Simmons** was not held to be retroactive and, even if it had been, it still could not satisfy the timeliness exception of section 9545(b)(1)(iii) because it was not a decision by our Supreme Court or the United States Supreme Court." **Commonwealth v. Frye**, Nos. 493 EDA 2023, 494 EDA 2023, 2023 WL 7549295 at *3 (Pa.Super. filed Nov. 14, 2023) (unpublished memorandum).[6] We observe that our Supreme Court reviewed the issue in **Simmons** in **Commonwealth v. Rosario**, ___ Pa. ___, 294 A.3d 338 (2023). Although the **Rosario** Court upheld **Simmons**, the Court did not

_____

[6] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

state that its holding applied retroactively. ***See id. See also Commonwealth v. Wells***, No. 2786 EDA 2022 (Pa.Super. filed Nov. 20, 2023) (unpublished memorandum) (holding PCRA court did not err in dismissing appellant's petition as untimely; ***Rosario*** has not been held to apply retroactively). Further, the Court's decision in ***Rosario*** turned on statutory, not constitutional, grounds. ***See In re Donahue***, No. 1304 WDA 2023 (Pa.Super. filed May 13, 2024) (unpublished memorandum) (explaining that ***Rosario*** did not announce new constitutional right; moreover, it has not been held to apply retroactively; thus, appellant has not pled or proven exception to PCRA time-bar). Therefore, Appellant has failed to prove an exception to the PCRA time-bar, and the PCRA court lacked jurisdiction to consider Appellant's claims. ***See Robinson, supra***. Accordingly, we affirm the PCRA court's denial of Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/27/2024