J-S41021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER COTTLE | : | |
| | : | |
| Appellant | : | No. 308 EDA 2024 |

Appeal from the PCRA Order Entered December 22, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000962-2008

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.: **FILED JANUARY 28, 2025**

Appellant, Christopher Cottle, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his serial petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1] We affirm.

This Court has previously summarized the facts and procedural history of this case as follows:

> On January 13, 2007, [Appellant], along with [his] brother[, Brandon Cottle,] and Rick Hughes, entered the home of the victim. While [Appellant] held the victim in a chokehold, Rick Hughes stabbed the victim multiple times. Thereafter, the victim's home was set on fire in what neighbors described as an explosion. The victim's body was discovered inside of the home and the cause of death was determined to be multiple stab wounds. [Brandon Cottle] confessed to being the "lookout" and detailed the incidents of the crime for the police.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

*Commonwealth v. Cottle*, 82 A.3d 1053 (Pa.Super. 2013) (unpublished memorandum).

In 2012, a jury convicted [Appellant] of first-degree murder and related offenses, and the trial court sentenced him to life in prison without the possibility of parole. This Court affirmed the judgment of sentence and our Supreme Court thereafter denied allowance of appeal on November 6, 2013. *See Commonwealth v. Cottle*, 622 Pa. 747, 79 A.3d 1097 (2013). [Appellant] did not seek review in the United States Supreme Court.

In May 2014, [Appellant] filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended petition which the PCRA court ultimately denied. This Court affirmed the denial of PCRA relief in March 2019. *See Commonwealth v. Cottle*, 215 A.3d 670 (Pa.Super. 2019) (unpublished memorandum). [Appellant's] appointed PCRA counsel failed to inform him of this Court's ruling. Consequently, the PCRA court appointed replacement counsel, Earl Kauffman, Esquire, who filed a PCRA petition seeking to reinstate [Appellant's] right to appeal this Court's affirmance of the denial of his first PCRA petition. The PCRA court granted [Appellant's] petition and reinstated his right to file a petition for allowance of appeal. [Appellant] filed a petition for allowance of appeal which our Supreme Court denied on September 23, 2020. *See Commonwealth v. Cottle*, 662 Pa. 429, 239 A.3d 1084 (2020). Attorney Kauffman sent a letter to [Appellant] in which he advised that our Supreme Court denied allowance of appeal on September 23, 2020, and incorrectly stated that [Appellant] had until September 23, 2021, in which to file a second PCRA petition.

*Commonwealth v. Cottle*, No. 2447 EDA 2021, unpublished memorandum at 1-3 (Pa.Super. filed Dec. 20, 2022) (some citation formatting provided).

Appellant filed his third PCRA petition on November 12, 2020. After granting Appellant leave to file an amended petition to address counsel's incorrect advice concerning the time frame for filing a second PCRA petition, the PCRA

court dismissed Appellant's petition. On December 20, 2022, this Court affirmed the dismissal, holding that Appellant failed to plead or prove any exception to the timeliness requirements of the PCRA. *See id.*

Appellant filed a *pro se* PCRA petition, his fourth, on December 19, 2022. Subsequently, Appellant filed supplemental PCRA petitions on January 26, 2023, January 31, 2023, and May 2, 2023. Appellant then filed another "petition for post-conviction relief" on June 20, 2023, which the PCRA court considered as a fourth supplemental petition. On September 7, 2023, the PCRA court granted Appellant leave to amend his December 19, 2022 petition with all of his supplemental petitions. That same day, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant responded to the notice of intent to dismiss on September 18, 2023, and the court dismissed Appellant's petition on December 22, 2023. Appellant filed a timely notice of appeal on January 16, 2024. Pursuant to the court's order, Appellant filed a timely Pa.R.A.P. 1925(b) concise statement of errors.

Appellant raises one issue on appeal:

> Whether the PCRA court erred in finding that Appellant['s] claims of ***Brady***[2] violation and ineffectiveness of counsel was untimely and without merit and failed to meet the new evidence and governmental interference requirements.

(Appellant's Brief at 4).

---

[2] ***Brady v. Maryland***, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

- 3 -

As an initial prefatory matter, we observe that Appellant filed his fourth *pro se* PCRA petition on December 19, 2022, while his appeal from the denial of his prior PCRA petition was still pending. Nevertheless, our Supreme Court has held that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." ***Commonwealth v. Lark***, 560 Pa. 487, 493, 746 A.2d 585, 588 (2000). ***See also Commonwealth v. Montgomery***, 181 A.3d 359, 364 (Pa.Super. 2018) (*en banc*), *appeal denied*, 647 Pa. 570, 190 A.3d 1134 (2018) (holding "that ***Lark*** precludes consideration of a subsequent petition from the time a PCRA order is appealed until no further review of that order is possible"); ***Commonwealth v. Beatty***, 207 A.3d 957, 961 (Pa.Super. 2019), *appeal denied*, 655 Pa. 482, 218 A.3d 850 (2019) (stating: "A petitioner must choose either to appeal from the order denying his prior PCRA petition or to file a new PCRA petition; the petitioner cannot do both"). Therefore, because Appellant's prior appeal was still pending, the PCRA court lacked jurisdiction to consider it under ***Lark*** and its progeny. ***See Lark supra***; ***Montgomery, supra***; ***Beatty, supra***.

We recognize, however, that after filing the December 19, 2022 PCRA petition, Appellant filed several supplemental petitions, the first of which he filed on January 26, 2023, after the expiration of the time to seek review of this Court's affirmance of the denial of his prior petition in our Supreme Court.

*See* Pa.R.A.P. 1113. Notably, Appellant's January 26, 2023 petition reasserted the arguments raised in the December 19, 2022 petition, and requested other relief cognizable under the PCRA. Thus, we will consider the January 26, 2023 filing as the operative PCRA petition at issue here, and all subsequent filings which were accepted by the PCRA court as supplemental to that petition.

As a second preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, a petitioner must allege and prove at least one of three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation

- 5 -

of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Generally, "a claim of ineffective assistance of counsel does not provide an exception to the PCRA time bar." *Commonwealth v. Sims*, 251 A.3d 445, 448 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 265 A.3d 194 (2021).

"The governmental interference exception permits an otherwise untimely PCRA petition to be filed if it pleads and proves that the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." *Commonwealth v. Staton*, 646 Pa. 284, 293, 184 A.3d 949, 955 (2018) (internal citation omitted). "In other words, [the petitioner] is required to show that but for the interference of a government actor, he could not have filed his claim earlier." *Id.*

To satisfy the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate that "he did not know

the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015). Due diligence requires the petitioner to take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence; this rule is strictly enforced. ***Commonwealth v. Monaco***, 996 A.2d 1076 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011).

Instantly, Appellant's judgment of sentence became final on February 4, 2014, ninety days after our Supreme Court denied his petition for allowance of appeal, when the time for Appellant to file a petition for writ of *certiorari* with the Supreme Court elapsed. ***See*** 42 Pa.C.S.A. § 9545(b)(3). ***See also*** U.S.Sup.Ct.R. 13 (providing 90 days to file petition for writ of *certiorari* in U.S. Supreme Court). As such, Appellant had until February 4, 2015, or one-year after his judgment of sentence became final, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant, however, did not file the current PCRA petition until January 26, 2023, which is facially untimely.

Appellant now claims that an exception to the PCRA time-bar applies based on the Commonwealth's failure to disclose ***Brady*** materials concerning Detective David Baker's pattern and practice of unlawful conduct during Appellant's trial. Appellant refers to an article listing corrupt detectives and

- 7 -

claims that Detective Baker, who is on the list, was similarly corrupt.

The PCRA court found that the newly-discovered fact exception applied to Appellant's claim. The PCRA court initially explained that the article cited by Appellant listing the names of "corrupted detectives" would not be admissible as evidence, and therefore would not on its own satisfy the newly discovered fact exception to the PCRA time-bar. Nevertheless, the court went on to state that

> the Commonwealth conceded the timeliness of [Appellant's] claim regarding Detective Baker as it had recently turned over to [Appellant] a police misconduct disclosure regarding Detective Baker on April 7, 2023. According to the Commonwealth, the police misconduct disclosure included "(1) a sustained finding by Philadelphia Police Internal Affairs that Detective Baker denied a suspect in another case access to counsel during an interrogation, (2) an allegation that Detective Baker coerced a suspect in Commonwealth v. Chester Hollman (CP-5 I-CR-0933111-1991), (3) an allegation of Detective Baker withholding **Brady** evidence in Commonwealth v. Lavar Brown (CP-51-CR0407441-2004), and (4) an allegation of fabricating a witness statement in Lazar v. Attorney General of Pennsylvania, 2023 WL 2382812." Commonwealth Response at p. 10. The Commonwealth and the [c]ourt were willing to infer from [Appellant's] *pro se* pleadings that his after-discovered evidence claim was premised upon this material. For that reason, the [c]ourt addressed the merits of [Appellant's] claim.

(PCRA Court Opinion, filed 3/15/24, at 10-11). The record supports the PCRA court's finding that the newly-discovered fact exception applies under these circumstances. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Therefore, we turn to the merits of Appellant's after-discovered evidence claim.

Appellant argues that the court erred in denying his after-discovered

evidence claim regarding Detective Baker's misconduct. Specifically, Appellant contends that the evidence of Detective Baker's misconduct supports his claim that Detective Baker coerced Brandon Cottle into fabricating his statement to police. Therefore, Appellant insists that the court should have granted PCRA relief. We disagree.

This Court has explained:

> To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. At an evidentiary hearing, an appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted. [Even if it appears] likely that a new trial is warranted..., procedure demands that the [trial] court develop the record and make that call in the first instance.

*Commonwealth v. Rivera*, 939 A.2d 355, 359 (Pa.Super. 2007), *appeal denied*, 598 Pa. 774, 958 A.2d 1047 (2008) (internal citations omitted). This Court has also explained:

> To demonstrate a *Brady* violation, Appellant must show that: (1) the prosecution concealed evidence; (2) which was either exculpatory evidence or impeachment evidence favorable to him; and (3) he was prejudiced by the concealment. *Commonwealth v. Paddy*, 569 Pa. 47, 64-65, 800 A.2d 294, 305 (2002); *Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). To show prejudice, he must demonstrate a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." [*Commonwealth v. Clark*, 599 Pa. 204, 219, 961 A.2d 80, 89 (2008)] (internal quotation marks omitted).

A reasonable probability for these purposes is one which "undermines confidence in the outcome of the trial." **Kyles v. Whitley**, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (quoting **United States v. Bagley**, 473 U.S. 667, 678, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)).

**Commonwealth v. Simpson**, 620 Pa. 60, 79, 66 A.3d 253, 264 (2013).

Instantly, the PCRA court explained its reasoning for denying relief on Appellant's after-discovered evidence claim as follows:

> Detective Baker did not testify at [Appellant's] trial. While Detective Baker took Brandon Cottle's statement, he did so in the presence of Detective McDermott. N.T. [Trial,] 3/7/12, at 27-28. Furthermore since Brandon Cottle could not read or write, Detective Crystal Williams read Brandon Cottle's statement back to him in the presence of both Detective Baker as well as Detective McDermott. **Id.** at 18-19. Detective Williams testified that, after she read the statement back to Brandon Cottle, she asked him whether the content of the statement was the same as what he told the detectives and whether he understood the statement. **Id.** at 21. Detective Williams testified that Brandon Cottle confirmed he understood the statement and that the content of the statement was what he told detectives. **Id.** at 20-22. Both Detective Williams and Detective McDermott stated that Brandon Cottle did not appear to be under the influence of drugs or alcohol at the time, appeared to understand what was going on, and that Brandon Cottle was cooperative with detectives. **Id.** at 20-21, 30. At trial, Brandon Cottle never testified that he experienced abuse or coercion at the hands of Detective Baker. Instead, he testified that he did not remember the murder or his interview with detectives and that he was high on "wet" at the time of his interview with detectives. N.T. [Trial,] 3/6/12, at 165-81, 183-84. Accordingly, Detective Baker's unrelated misconduct in other cases would not have been relevant and, therefore, would not have been admissible at trial. No relief is due. …

(PCRA Court Opinion at 12-13).

The PCRA court further explained that it denied Appellant's **Brady** claim

- 10 -

regarding the Commonwealth's failure to disclose Detective Baker's alleged history of misconduct because "evidence of Detective Baker's alleged misconduct in other cases is not material to [Appellant's] guilt or punishment." (*Id.* at 15). Finally, the PCRA court found that Appellant had waived his claim of counsel's ineffectiveness for not investigating and raising the claims regarding Detective Baker because Appellant failed to raise the issue in the PCRA court. (*Id.* at 15-16).

The record supports the PCRA court's determination that Appellant is not entitled to relief on his after-discovered evidence claim. *See Rivera, supra*. Additionally, Appellant cannot establish that he is entitled to relief on his *Brady* claim where Appellant was not prejudiced by any concealment of Detective Baker's misconduct in other cases. *See Simpson, supra*. Finally, we agree with the PCRA court that Appellant waived his ineffective assistance of counsel claim concerning investigation of claims regarding Detective Baker for failing to raise the claims before the PCRA court. *See* Pa.R.A.P. 302(a). Accordingly, we affirm the PCRA court's order denying relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/28/2025

- 11 -