J-S16044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RODERICK SIMS :
:
Appellant : No. 1560 MDA 2024

Appeal from the PCRA Order Entered August 14, 2024
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000385-2008

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LANE, J.:                                **FILED JUNE 30, 2025**

Roderick Sims ("Sims") appeals from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In 2008, Sims illegally entered a shelter home where the mother of his children, Charity Sprickler ("Sprickler"), had taken refuge to escape from his violence.  While police were negotiating with Sims from outside the shelter home, Sims executed Sprickler by shooting her point blank in the back of the head with a handgun while she was on her knees begging for her life.  At a subsequent trial, a jury convicted him of second-degree murder, burglary, and terroristic threats.  On November 2, 2012, the trial court imposed a sentence of life imprisonment.  This Court affirmed the judgment of sentence, and on September 22, 2014, our Supreme Court denied allowance of appeal.  **See Commonwealth v. Sims**, 87 A.3d 380 (Pa. Super. 2013) (unpublished

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

memorandum), *appeal denied*, 105 A.3d 736 (Pa. 2014). Sims did not file a petition for review in the United States Supreme Court.

Sims subsequently filed five PCRA petitions, the first two of which he voluntarily withdrew prior to disposition. Relevantly, in his third PCRA petition, Sims raised, *inter alia*, a claim that the Commonwealth committed a **Brady**[2] violation by destroying blood samples that would have exonerated him by proving that his level of intoxication at the time of the burglary and fatal shooting showed that he lacked the ability to form criminal intent. As Sims' petition was facially untimely, he argued that the loss of this evidence satisfied the governmental interference and newly-discovered facts timeliness exceptions to the PCRA's one-year time bar. The PCRA court denied the petition as untimely, and this Court affirmed, observing that Sims failed to act with due diligence in raising this claim because he was aware of the destruction of the blood samples three years before his trial. **See Commonwealth v. Sims**, 181 A.3d 1257 (Pa. Super. 2017) (unpublished memorandum).

In his fourth PCRA petition, Sims acknowledged that his petition was untimely and once more asserted, *inter alia*, that he satisfied the governmental interference and newly-discovered facts timeliness exceptions to the PCRA's one year time-bar based on both the **Brady** claim referenced in his prior PCRA petition, and claims of ineffective assistance of counsel. The

---

[2] **See Brady v. Maryland**, 373 U.S. 83 (1963).

PCRA court dismissed the petition as untimely, and this Court affirmed, once more reasoning that Sims failed to act with due diligence in raising a claim that he was aware of three years before his trial, and further explaining that the inclusion of ineffectiveness claims could not, alone, except a petition from the PCRA's jurisdictional time-bar. *See Commonwealth v. Sims*, 181 A.31 1257 (Pa. Super. 2017) (unpublished memorandum).

Sims thereafter filed a motion for DNA testing, which this Court treated as his fifth PCRA petition.[3] In this petition, Sims once more raised ineffective assistance of counsel claims based on his assertion that he did not receive a fair trial due to the suppression of his blood samples by the Commonwealth, which Sims alleged had destroyed them in bad faith and in violation of *Brady*. The PCRA court denied the petition, and this Court affirmed, concluding that the petition was untimely and Sims failed to plead or prove any of the timeliness exceptions to the PCRA's one-year time bar. *See Commonwealth v. Sims*, 251 A.3d 445 (Pa. Super. 2021). This Court additionally emphasized that Sims' claims were duplicative of the issues raised in his prior PCRA petition, such that even if he did raise a timeliness exception, he could not establish "that the facts upon which his *Brady* claim was predicated were not previously known to him or that the facts could not have been ascertained through due diligence." *Id*. at 448.

_____

[3] We note that although this Court previously stated that this filing constituted Sims' *fourth* PCRA petition, our review of the record instead shows that it was his *fifth*.

On February 21, 2023, Sims filed the instant *pro se* PCRA petition, his sixth.[4] Undeterred, Sims included the same **Brady** and ineffective assistance of counsel claims, as well as two additional claims alleging that he was denied his right to a speedy trial pursuant to Pa.R.Crim.P. 600(A), and his assignment of an all-white jury at trial violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution as interpreted by **Batson v. Kentucky**, 476 U.S. 79 (1986). On the pre-printed PCRA form, Sims acknowledged that his petition was untimely, but asserted that the governmental interference timeliness exception applied. In this regard, Sims argued only that: (1) "a miscarriage of justice has occurred under **Lawson**,[5] *etc*. . .[,]" and (2) there was "governmental interference by way of protective orders." Sims' *Pro Se* PCRA Petition, 2/21/23, at 3-4 (footnote added).

The PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, finding that it was untimely and that Sims had failed to plead and prove an exception to the PCRA's

_____

[4] Although Sims subsequently filed an "Amended Petition for Post Conviction Collateral Relief," and numerous motions to amend his PCRA petition, the PCRA court never granted him leave to amend the instant original *pro se* petition. Accordingly, neither the PCRA court nor this Court have jurisdiction to consider that filing. **See** Pa.R.Crim.P. 905(A) (explicitly stating that amendment is permitted only by direction or leave of the PCRA court); **see also Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012) (concluding that a subsequent petition, even though labeled "supplement and amendment[,]" did not constitute an amended petition where "there [was] no indication that . . . the PCRA court ever granted[] leave to amend the [original] petition").

[5] Our review of the petition as a whole reveals that Sims elsewhere referred to **Commonwealth v. Lawson**, 549 A.2d 107 (Pa. 1988).

timeliness requirements. In lieu of a response, Sims filed a premature notice of appeal, which this Court quashed for lack of jurisdiction. On August 14, 2024, the PCRA court dismissed the petition. Sims filed a timely notice of appeal,[6] and both he and the PCRA court complied with Pa.R.A.P.1925.

Sims raises the following issues for our review:

1. Did the PCRA court fail to provide an evidentiary hearing due to **Brady** violations?

2. Did court[-]appointed counsel fail to subpoena Lab Corp. and other creditable witnesses?

3. Did the Commonwealth and police fail to preserve crucial evidence [blood samples, *etc*.] as it denied [Sims] of a defense?

4. Did the Commonwealth, police[,] and appointed counsel deny . . . Sims of a fair trial?

5. Did the all[-]white jury selection process violate [Sims'] rights as it was discriminatory and unconstitutional?

6. Did the trial court deny [Sims] of [his] right to a speedy and public trial?

7. Did appointed counsel deny [Sims'] right to compulsory process to have witnesses in [his] favor?

8. Did the Commonwealth and police fail to preserve **Brady** material evidence?

---

[6] Although Sims' appeal appears to have been untimely filed on October 21, 2024, we may excuse this untimeliness pursuant to **Commonwealth v. Midgley**, 289 A.3d 1111 (Pa. Super. 2023), as the trial court docket entry for the August 14, 2024 dismissal order does not indicate service on Sims, who appeals *pro se* and is currently incarcerated. **See** Pa.R.Crim.P. 114(C) (trial court criminal dockets shall contain, *inter alia*, "the date of service of the order or court notice"); **see also Commonwealth v. Hess**, 810 A.2d 1249 (Pa. 2002) (noting that Rule 114's language leaves no question that the trial court clerk's obligations regarding docket entries are not discretionary).

9. Did the Commonwealth and police violate . . . Rule 573. Pretrial discovery and Inspection?

10. Did all court[-]appointed counsel perform ineffectively?

Sims' Brief at unnumbered 4 (unnecessary capitalization omitted, some brackets in original).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States, or at the expiration of time for seeking review. **See** 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the

issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

On September 22, 2014, our Supreme Court denied Sims' petition for allowance of appeal from his judgment of sentence. As Sims did not petition the United States Supreme Court for review, his judgment of sentence became final ninety days later, on December 22, 2014.[7] ***See*** U.S. Sup. Ct. R. 13 (stating appellant must file a petition for writ of *certiorari* in the United States Supreme Court within ninety days after entry of judgment by a state court of last resort). As a result, Sims had one year from that date, until December 22, 2015, to timely file a PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). As Sims filed the instant petition on February 21, 2023, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1). These exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[7] Because the ninetieth day fell on a Sunday, Sims had until Monday, December 22, 2014, to petition the United States Supreme Court for review. ***See*** Fed. R. App. P. 26(a)(1)(C) (instructing that if the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not one of these dates).

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies."  **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

Pertinently, to demonstrate the governmental interference exception, the petition must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence.  **See Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (explaining that the exception requires the petitioner to plead that the facts upon which the claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence).  Notably, invoking this exception requires a petitioner to plead and prove that he could not have obtained the information underlying it more than one year before he filed his petition.  **See** 42 Pa.C.S.A. § 9545(b)(2) (stating that any petition invoking a timeliness exception shall be filed within one year of the date the claim could have been presented); **see also Commonwealth v. Stokes**, 959 A.2d 306, 309-10 (Pa. 2008) (explaining that section 9545(b)(2) "requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence").

As explained above, Sims indicated in his PCRA petition that he intended to invoke the governmental interference exception to the PCRA's one-year time bar. However, our review of the *pro se* petition shows that Sims failed to plead or prove: (1) any interference by government officials; (2) that his claim regarding governmental interference was only recently discovered; or (3) that he filed the instant petition within one year of such discovery. **See** 42 Pa.C.S.A. § 9545(b)(2); **see also Stokes**, 959 A.2d at 309-10. Indeed, Sims only indicated that this exception applied due to a general "miscarriage of justice" as it relates to "**Lawson**, *etc*. . ." and other unspecified "protective orders." Sims' *Pro Se* PCRA Petition, 2/21/23, at 3-4. Sims did not otherwise expand on these claims or explain how any government official prevented him from timely presenting them prior to December 22, 2015. Similarly, Sims did not mention, let alone plead and prove, this timeliness exception anywhere else in his petition. Consequently, because Sims did not include any explanation as to how government officials prevented him from timely bringing his claims, or why he could not have obtained the information underlying these claims earlier with the exercise of due diligence, he failed to satisfy the timeliness exception set forth at section 9545(b)(1)(i). **See Abu-Jamal**, 941 A.2d at 1268.

As we determine that Sims' sixth petition was untimely filed and that he failed to satisfy any exception to the PCRA's one-year time bar, we conclude

that the PCRA court lacked jurisdiction to consider it.  Accordingly, we affirm its order dismissing the petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/30/2025