J-A08030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONNELLE ROBINSON | : | |
| | : | |
| Appellant | : | No. 1118 EDA 2025 |

Appeal from the PCRA Order Entered April 11, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005713-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONNELLE ROBINSON | : | |
| | : | |
| Appellant | : | No. 1119 EDA 2025 |

Appeal from the PCRA Order Entered April 11, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005736-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONNELLE ROBINSON | : | |
| | : | |
| Appellant | : | No. 1120 EDA 2025 |

Appeal from the PCRA Order Entered April 11, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006248-2015

J-A08030-26

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 9, 2026**

Appellant, Donnelle Robinson, appeals *pro se* from the April 11, 2025,

order entered in the Court of Common Pleas of Philadelphia County dismissing

his second petition filed pursuant to the Post-Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9545, without an evidentiary hearing. Appellant filed

his PCRA petition at three separate lower court docket numbers: CR-5713-

2015, CR-5736-2015, and CR-6248-2015. After our careful review, we affirm.

The relevant facts and procedural history have been set forth previously

by this Court, in part, as follows:

> On February 14, 2015, Appellant was arrested and charged
> with multiple counts of robbery, aggravated assault, possessing
> an instrument of crime ("PIC"), and an array of related offenses
> in connection with a string of robberies that took place in February
> 2015. The various counts were docketed [in the lower court] at
> CR-5713-2015, CR-5736-2015, CR-5737-2015, and CR-5738-
> 2015. These four dockets were subsequently consolidated for
> purposes of trial.
>
> Following a twelve-day jury trial, the jury returned with a
> partial verdict. The jury found Appellant guilty of three counts of
> robbery and one count of PIC at docket number CR-5736-2015.
> However, the jury deadlocked on the remaining charges at docket
> number CR-5736-2015. It also deadlocked on all the charges at
> docket numbers CR-5713-2015, CR-5737-2015, and CR-5738-
> 2015. The trial court declared a mistrial as to the deadlocked
> charges.
>
> On August 6, 2018, Appellant entered into a negotiated
> guilty plea with the Commonwealth. Appellant pled guilty to
> certain charges for which the jury did not return a verdict, namely
> robbery and aggravated assault, at docket number CR-5713-

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

2015. The remaining charges at docket number CR-5713-2015 and CR-5736-2015 were *nolle prossed*, along with all the charges at docket numbers CR-5737-2015 and CR-5738-2015. As part of the plea, Appellant also pled guilty to burglary and criminal conspiracy for a burglary he committed on December 17, 2014. The burglary and conspiracy charges were docketed at CR-6248-2015.

Pursuant to the plea agreement, the trial court sentenced Appellant on the same date to an aggregate term of imprisonment of fifteen to thirty years for the counts on all three docket numbers. Specifically, at docket number CR-5736-2015, the court sentenced Appellant to ten to twenty years' imprisonment for each of the robbery charges and two to four years' imprisonment on the PIC charge. At docket number CR-5713-2015, the trial court sentenced Appellant to ten to twenty years' imprisonment for the robbery count and five to ten years' imprisonment for the aggravated assault count, with the aggravated assault sentence to run consecutively to the robbery sentence. Appellant was also sentenced to ten to twenty years' imprisonment both for the burglary and for the criminal conspiracy counts at docket number CR-6248-2015. With the exception of the aggravated assault charge, the court ordered all of the sentences to run concurrently, leaving Appellant with an aggregate term of imprisonment totaling fifteen to thirty years. The trial court also added a term of one year of probation to run consecutively to the prison sentence.

Appellant neither filed post-sentence motions nor requested leave to withdraw his guilty plea. He did not file a direct appeal. Instead, on October 16, 2018, Appellant filed a timely *pro se* PCRA petition. In the PCRA petition, Appellant alleged trial counsel had been ineffective for failing to sufficiently explain his sentence to him. He complained that he did not understand what cases he was going to be sentenced for and whether his sentences were concurrent.

The PCRA court appointed counsel, who subsequently filed a petition to withdraw as well as a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). In his letter, counsel asserted that he had reviewed the case and found no issues of arguable merit. Counsel specifically addressed Appellant's claim that trial counsel had not explained Appellant's sentence to him and concluded that any such claim was completely belied by the oral colloquy given to, and the

written colloquies signed by, Appellant. Appellant did not respond to the *Turner/Finley* letter.

The PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, and Appellant also did not respond to that notice. On May 15, 2019, the PCRA court formally dismissed [Appellant's first] PCRA petition as to all three docket numbers and granted counsel's petition to withdraw.

Appellant timely filed three *pro se* notices of appeal.

*Commonwealth v. Robinson*, No. 1739-1741 MDA 2019, *2-5 (Pa.Super. filed 12/4/20) (unpublished memorandum).

On appeal, Appellant abandoned the sole claim he raised in his first PCRA petition regarding trial counsel's alleged ineffectiveness for failing to explain his sentence to him. Thus, this Court found that issue to be waived. *See id.* However, Appellant contended PCRA counsel was ineffective in failing to raise in his *Turner/Finley* letter the issue of whether trial counsel was ineffective in failing to file a direct appeal. This Court found the issue to be waived and/or meritless.

Accordingly, we affirmed the PCRA court's order dismissing Appellant's first PCRA petition. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on October 5, 2021.

On November 22, 2023, Appellant filed a second *pro se* PCRA petition at docket numbers CR-5713-2015, CR-5736-2015, and CR-6248-2015.[1] On

_____

[1] Although Appellant's *pro se* PCRA petition was docketed on November 29, 2023, the envelope in which the petition was mailed bears a postmark of
*(Footnote Continued Next Page)*

February 21, 2025, the PCRA court provided Appellant with notice of its intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907, and on February 28, 2025, Appellant filed a *pro se* response. On April 11, 2025, the PCRA court dismissed Appellant's second PCRA petition at each docket number on the basis it was untimely filed. Appellant filed separate, timely *pro se* notices of appeal at each docket number, and this Court consolidated Appellant's appeals. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, and, thus, Appellant did not file such a statement. However, the PCRA court filed a Rule 1925(a) opinion in support of its dismissal order.

On appeal, Appellant sets forth the following issues in his "Statement of the Questions Involved" (verbatim):

1. Did [the] Commonwealth violated [*sic*] [Appellant's] due process by withholding information of the detective being investigated, violations of police policy?
2. Did the detectives on the cases they were investigating improperly obtain the identity of the suspect when victim was cull [*sic*]?
3. Did trial counsel fail to challenge [the] factual basis for the plea?
4. Did all counsel fail to adequately research issues?
5. Did trial counsel fail to conduct adequate pretrial investigation [and] also fail to locate or interview witnesses?

_____

November 22, 2023. Thus, we shall deem the *pro se* petition to have been filed on November 22, 2023. ***See***, ***e.g.***, ***Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa.Super. 2011) ("[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.").

6. Did trial counsel fail to adequate [*sic*] investigate into discovery and fail to discover facts which could affect sentencing?

7. Trial counsel failed adequately to explain further plea options.

8. [Did] all the undertaken of bad faith in the investigations by detectives lead to a malicious prosecution?

9. Was the sentence imposed upon grounds in violation of the constitution?

Appellant's *Pro Se* Brief at 6.

Initially, we note the following:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be

excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[2] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted). Lastly, there is "no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." *Commonwealth v. Brown*, 943 A.2d 264, 267 (Pa. 2008).

_____

[2] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

Here, Appellant filed neither a post-sentence motion nor a direct appeal from his judgment of sentence, which was imposed on August 6, 2018. Thus, his judgment of sentence became final thirty days later, on September 5, 2018, when the time for filing a direct appeal to this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). As indicated *supra*, Appellant had one year to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). However, Appellant filed the instant PCRA petition on November 22, 2023, and consequently, it is facially untimely.

Regarding the three limited exceptions set forth in Subsection 9545(b)(1)(i)-(iii), Appellant has not cited to any specific Subsection. He contends, generally, that "officers of the law…may have engaged in misconduct that necessitates disclose[.]" Appellant's *Pro Se* Brief at 9. Further, he claims that unnamed corrupt officers, who worked alongside Police Officer Chris Lai, an investigating officer in Appellant's cases, somehow corrupted the investigation. **See id.** at 10.

As the PCRA court properly held, general claims of alleged officer misconduct do not satisfy Appellant's burden of pleading and proving one of the timeliness exceptions. PCRA Court's Opinion, filed 4/11/25, at 1 (citing **Commonwealth v. Marshall**, 947 A.2d 714 (Pa. 2008) (holding a petitioner does not meet his burden of proving time bar exception where he offers only general allegations, unsupported by evidence)). **See Commonwealth v. Reeves**, 296 A.3d 1228 (Pa.Super. 2023) (holding allegations of police

misconduct committed in other cases do not meet the requirements for the timeliness exceptions in the petitioner's case).

For all of the foregoing reasons, we conclude the PCRA court properly dismissed Appellant's second PCRA petition on the basis it was untimely filed, and Appellant failed to demonstrate his entitlement to any of the timeliness exceptions.[3]

Order affirmed.

_____

[3] We note Appellant presents claims of ineffective assistance of counsel. Generally, "a claim of ineffective assistance of counsel does not provide an exception to the PCRA time bar." *Commonwealth v. Sims*, 251 A.3d 445, 448 (Pa.Super. 2021). In *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), our Supreme Court held "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Bradley*, *supra*, 261 A.3d at 401 (footnote omitted). However, as this Court has recognized:

> Nothing in *Bradley* creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right. To the contrary, our Supreme Court in *Bradley* unambiguously rejected the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel.

*Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa.Super. 2023).
Accordingly, to the extent Appellant attempts to overcome the PCRA time bar based on claims of ineffective assistance of counsel, we find no relief is due.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/9/2026